IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID CARTER, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 2:16CV00101-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff, David Carter, has appealed the final decision of Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether the plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. §405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The only disputed issue in this case is whether Plaintiff is disabled within the meaning of the Social Security Act. Plaintiff bears the burden of establishing a physical or mental impairment that has lasted twelve months or more and has prevented him from engaging in any substantial gainful

activity. 42 U.S.C. §§ 423 (d)(1)(A), 1382c(3)(A)(B).

Mr. Carter was fifty years old at the time of the administrative hearing. (Tr. 34.) He testified he attended college for a year and a half and has worked in the construction industry most of his life. (Tr. 37.)

The Administrative Law Judge (ALJ)[1] found Mr. Carter had not engaged in substantial gainful activity since November 15, 2009, and he had a "severe" impairment in the form of degenerative disc disease of the lumbar spine. (Tr. 16.) However, the ALJ found Mr. Carter did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.[2] (Tr. 18.)

The ALJ determined Mr. Carter has the residual functional capacity ("RFC") to perform light work and is unable to perform his past relevant work as a "house builder foreman." (Tr. 18-22.) Relying on the assistance of a vocational expert (Tr. 53-56), the ALJ determined other jobs existed in significant numbers that Mr. Carter could perform despite his impairment. (Tr. 22-23.) Specifically, the ALJ identified the job of cashier and production assembler. (Tr. 23.) Accordingly, the ALJ determined Mr. Carter was not disabled. (*Id.*)

In support of his Complaint, Plaintiff argues the ALJ's decision is not supported by the medical evidence. (Doc. No. 11 at 13-18.) Plaintiff argues, "The ALJ gave 'some weight' to Dr.

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

Michel's opinion, but claimed that Dr. Michel was 'vague as to functional limitations.' That is plainly false." (*Id.* at 14.) After careful review of the General Physical Examination (Tr. 289-296) of Harry Andre Michel, M.D., I agree.

Dr. Michel diagnosed Plaintiff with chronic pain syndrome due to trauma and scoliosis. (Tr. 295.) On the form provided for the General Physical Examination, Dr. Michel was asked, "Based on your evaluation, are there any limitations in this claimant's ability to walk, stand, sit, lift, carry, handle, finger, see, hear or speak, etc. Please assess the severity of limitations (mild, moderate, severe)." (*Id.*) Dr. Michel wrote, "Significant limitation due [*sic*] chronic lumbar spine pain to walk, stand, prolong sitting, lift heavy objects." (*Id.*) Dr. Michel's report is accompanied by a radiology report from E. Scott Ferguson, M.D. (Tr. 296.) Dr. Ferguson's impression states, "There is an old compression deformity of L2 and there are large osteophytes at L1-2 and there are small to moderate sized osteophytes involving L2 thru L5. No acute abnormality is identified." (*Id.*)

The ALJ assessed Dr. Michel's opinion and stated:

> As for the opinion evidence, Dr. Michel opined that the claimant has significant limitations due to chronic lumbar spine pain to walk, stand, sit for prolonged periods, and lift heavy objects. The undersigned accords some weight to Michel's opinion. He had the opportunity to examine the claimant and his report indicates that the claimant had some tenderness and pain with range of motion in the lumbar spine, but his opinion is vague as to functional limitations.

(*Id.*)

I am unable to agree with the ALJ's conclusion that Dr. Michel's opinion is vague as to Mr. Carter's functional limitations. And Dr. Michel's evaluation is critical to this case. So to discredit it for a reason not supported by the evidence leaves me no choice but to remand this matter to the Commissioner for further consideration of Dr. Michel's opinion.

I note the Commissioner's reliance on *Anderson v. Barnhart*, 344 F.3d 809, 813 (8th Cir.

3

2003), in support of her opposition on this point. But in *Anderson*, the ALJ specifically noted inconsistencies between the medical evidence and the doctor's opinion. I have consistently ruled in favor of the Commissioner when the ALJ, for good reason, discounts a doctor's opinion. But here, the ALJ provides no legitimate reason to discount Dr. Michel's opinion. So I must conclude the decision is not based on substantial evidence. Remand is necessary to reconsider the opinion of Dr. Michel and Plaintiff's residual functional capacity to perform light work.

Accordingly, a reasonable mind would not accept the evidence as adequate to support the ALJ's decision that Plaintiff is capable of performing light work. Therefore, the Court REVERSES the decision and REMANDS the case to the Commissioner. This is a "Sentence Four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 10th day of February, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE